## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GINA MAGWOOD, ) | |
| ) | Civil Action File No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| RACETRAC PETROLEUM, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Gina Magwood ("Plaintiff" or "Ms. Magwood") files this Complaint for Equitable Relief and Damages against Defendant RaceTrac Petroleum, Inc., ("RaceTrac" or "Defendant") showing the Court the following:

### INTRODUCTION

1.     This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Ms. Magwood's rights, and to make her whole. This is also an action for both willful interference and willful retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*  Ms. Magwood seeks injunctive and declaratory relief, back pay and lost benefits, front

pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, liquidated damages, and attorney's fees and costs of litigation.

2. Ms. Magwood brings this action because: (1) under the ADA, she had an actual impairment, a record of actual impairment, or RaceTrac regarded her as having an impairment for which she was terminated; (2) she requested a reasonable accommodation under the ADA and, rather than provide the accommodation or otherwise engage in the interactive process, RaceTrac terminated Ms. Magwood's employment; (3) she notified RaceTrac of her FMLA-qualifying serious health condition and RaceTrac willfully terminated her employment to avoid granting her FMLA leave thereby interfering with her right to FMLA leave; and (4) RaceTrac terminated Ms. Magwood's employment in retaliation for requesting medical leave in violation of both the FMLA and ADA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant RaceTrac conducts business in this district and division and the

unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Magwood filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 410-2019-03424, within 180 days of the occurrence of the acts of which she complains.

6. On January 14, 2020, the EEOC issued a Notice of Right to Sue to Ms. Magswood relating to her charge of discrimination number 410-2019-03424.

7. Ms. Magwood brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## THE PARTIES

8. Ms. Magwood is a citizen of the United States and a resident of the State of Georgia. Ms. Magwood submits herself to the jurisdiction of this Court.

9. Ms. Magwood is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

10. Ms. Magwood had been employed with RaceTrac for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

11. Ms. Magwood is, and at all times relevant hereto was, an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

12. Ms. Magwood is a person with a disability because she has actual impairments causing substantial limitations in one or more major life activities, because she has a record of impairment, and because RaceTrac regarded her as having an impairment.

13. Ms. Magwood is capable of performing the essential functions of her job with or without an accommodation.

14. RaceTrac operates convenience stores and engages in gasoline sales in locations across the Southeast.

15. RaceTrac is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

16. RaceTrac had more than 50 employees within a 75-mile radius of the location in which Ms. Magwood was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

17. RaceTrac is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than

15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

18.   RaceTrac may be served with summons and a copy of the Complaint in this action by delivering process to Corporate Creations Network, Inc, 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

## STATEMENT OF FACTS

19.   RaceTrac hired Ms. Magwood in approximately August 2014 as an Engineering Assistant.

20.   In approximately the summer of 2018, Ms. Magwood began experiencing severe symptoms and was later diagnosed with a mental health impairment.

21.   Ms. Magwood's mental health impairment substantially limits the major life activities, including but not limited to sleeping, interacting with others, eating, and regulating your emotions and thoughts and the major life function of her neurological system.

22.   Ms. Magwood sought and received continuing medical treatment from health care providers for her mental health impairment.

23.   Ms. Magwood's mental health impairment constitutes a disability as defined by the ADA and a serious medical condition as defined by the FMLA.

24. Despite Ms. Magwood's disability/serious medical condition, she was able to perform the essential functions of her job with an accommodation.

25. In approximately August 2018, Ms. Magwood informed her supervisor that she would need to take a three to four weeks of leave.

26. RaceTrac understood Ms. Magwood's request was for medical leave.

27. As a result of Ms. Magwood's request for leave, RaceTrac's human resources sent Ms. Magwood an FMLA certification form for her medical provider to complete in connection with her leave.

28. Ms. Magwood communicated regularly with RaceTrac's human resources employee to keep her informed of the status of the medical certification while Ms. Magwood's medical providers referred her to a specialist.

29. Ms. Magwood informed RaceTrac that her therapist could not complete the FMLA certification because she does not prescribe medication and asked RaceTrac what were her options as a result.

30. RaceTrac informed Ms. Magwood that she "would need to be assessed by a psychiatrist and they would be responsible for completing the forms."

31. Ms. Magwood followed RaceTrac's instructions and scheduled an appointment with a psychiatrist.

6

32. Ms. Magwood's psychiatrist advised that he needed additional follow up appointments and continuing treatment to fully assess her condition before completing the FMLA certification form.

33. Her psychiatrist's need for continuing treatment prior to completing the FMLA certification form would not allow her to return the FMLA certification form by the deadline set by RaceTrac.

34. Ms. Magwood informed RaceTrac "the doctor would like to see me a few more times before signing the paperwork. I will return to work on Monday [October] 15th."

35. Ms. Magwood returned to work on or about October 15, 2018.

36. Ms. Magwood continued her treatment with the psychiatrist with the intent to resume her medical leave after her psychiatrist completed his assessment and her FMLA certification form.

37. On or about October 19, 2018, three days after her return to work, RaceTrac terminated Ms. Magwood's employment.

38. RaceTrac stated it terminated Ms. Magwood's employment because her position was eliminated.

39. However, RaceTrac did not terminate the other employee that held the same position as Ms. Magwood.

7

40. The other employee who held the same position as Ms. Magwood who RaceTrac retained was neither disabled nor requested any medical leave or other accommodation.

## COUNT I
### Violation of ADA – Regarded As Disabled

41. Ms. Magwood incorporates by reference all of the preceding paragraphs of the Complaint.

42. At all times relevant hereto, RaceTrac has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

43. At all times relevant hereto, Ms. Magwood was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because RaceTrac regarded her as a person with an impairment as defined by the Act.

44. Moreover, at all times relevant hereto, Ms. Magwood has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

45. RaceTrac terminated Ms. Magwood because it regarded her as disabled.

46. RaceTrac's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

47. RaceTrac's actions in discriminating against Ms. Magwood because of her disability were committed with deliberate intent to harm Ms. Magwood and her federally protected rights or, alternatively, with reckless disregard for her right to be free from discrimination because of her disability.

48. The effect of RaceTrac's above-mentioned conduct has been to deprive Ms. Magwood of equal employment opportunities and benefits due to her.

49. The actions taken against Ms. Magwood by RaceTrac have caused her to suffer both monetary and non-monetary damages.

50. Accordingly, Ms. Magwood is entitled to the equitable and monetary relief set forth in the following prayer for relief for RaceTrac's violation of her rights under the ADA.

## COUNT II
### Actual Discrimination / Failure to Accommodate in Violation of ADA

51. Ms. Magwood incorporates by reference all of the preceding paragraphs of the Complaint.

52. At all times relevant hereto, RaceTrac has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

53. At all times relevant hereto, Ms. Magwood was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

54. RaceTrac was aware of Ms. Magwood's disability and history and record of disability.

55. At all times relevant hereto, Ms. Magwood has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

56. Ms. Magwood's disability substantially limits one or more major life activities.

57. Ms. Magwood requested the accommodation of temporary medical leave from RaceTrac to accommodate her disability.

58. RaceTrac refused to accommodate Ms. Magwood, and instead terminated her employment because of her disability.

59. RaceTrac's actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodations for disabilities.

60. RaceTrac's actions in discriminating against Ms. Magwood because of her disability and refusing to accommodate her disability were committed with deliberate intent to harm Ms. Magwood and her federally protected rights or, alternatively, with reckless disregard for her rights to be free from discrimination because of her disability and to be receive reasonable accommodations for her disability.

61. The effect of RaceTrac's above-mentioned conduct has been to deprive Ms. Magwood of equal employment opportunities and benefits due to her.

62. The actions taken against Ms. Magwood by RaceTrac have caused her to suffer both monetary and non-monetary damages.

63. Accordingly, Ms. Magwood is entitled to the equitable and monetary relief set forth in the following prayer for relief for RaceTrac's violation of her rights under the ADA.

## COUNT III
## Retaliation in Violation of the ADA

64. Ms. Magwood incorporates by reference all of the preceding paragraphs of the Complaint.

65. At all times relevant hereto, RaceTrac has been subject to the requirements of Title I of the ADA.

66. At all times relevant hereto, Ms. Magwood was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

67. In approximately August 2018, Ms. Magwood engaged in protected activity under the ADA when she requested temporary medical leave as an accommodation for her disability.

68. Less than eight weeks after she requested an accommodation, RaceTrac terminated Ms. Magwood's employment.

69. RaceTrac's actions in retaliating against Ms. Magwood because of her request for a reasonable accommodation were committed deliberate intent to harm Ms. Magwood and her federally protected rights or, alternatively, with reckless disregard for her right to be free from retaliation because of her attempt to exercise her rights pursuant to the ADA.

70. The effect of RaceTrac's above-mentioned conduct has been to deprive Ms. Magwood of equal employment opportunities and benefits due to her because of her attempt to exercise her rights under federal law.

71. The actions taken against Ms. Magwood by RaceTrac have caused her to suffer both monetary and non-monetary damages.

72. Accordingly, Ms. Magwood is entitled to the equitable and monetary relief set forth in the following prayer for relief for RaceTrac's violation of her rights under the ADA.

## COUNT IV
### Interference with FMLA Leave

73. Ms. Magwood incorporates by reference all of the preceding paragraphs of the Complaint.

74. Ms. Magwood was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

75. By terminating Ms. Magwood, RaceTrac prevented Ms. Magwood from exercising the rights provided to her under the FMLA.

76. RaceTrac's actions in interfering with Ms. Magwood's federal right to FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave on an intermittent basis to care for her serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

77. In the alternative, Ms. Magwood's need for FMLA leave was a motivating factor in RaceTrac's termination of Ms. Magwood.

78. The effect of RaceTrac's actions has been to deprive Ms. Magwood of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

79. As a result, Ms. Magwood is entitled to both equitable and monetary relief for RaceTrac's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorney's fees and costs of litigation.

80. Ms. Magwood is also entitled to liquidated damages for RaceTrac's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT V
### Retaliation in Violation of the FMLA

81. Ms. Magwood incorporates by reference all of the preceding paragraphs of the Complaint.

82. Ms. Magwood was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

83. In terminating Ms. Magwood's employment, RaceTrac retaliated against Ms. Magwood for attempting to exercise her right to take leave as provided under the FMLA.

84. RaceTrac's actions in retaliating against Ms. Magwood for attempting to exercise her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

85. In the alternative, Ms. Magwood's request for FMLA leave was a motivating factor in RaceTrac's termination of Ms. Magwood.

86. The effect of RaceTrac's actions has been to deprive Ms. Magwood of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her exercise of her rights under the FMLA.

87. As a result, Ms. Magwood is entitled to both equitable and monetary relief for RaceTrac's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

88. Ms. Magwood is also entitled to liquidated damages for RaceTrac's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)  Issue a declaratory judgment that RaceTrac's acts, policies, practices, and procedures complained of herein violated Ms. Magwood's rights as secured under the FMLA and ADA;

(b)  Grant to Ms. Magwood judgment in her favor and against RaceTrac under all counts of this Complaint;

(c)  Order RaceTrac to make Ms. Magwood whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of RaceTrac's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)  Order that Ms. Magwood be reinstated or, in the alternative, be awarded front pay;

(e)  Order RaceTrac to compensate Ms. Magwood for mental and emotional damages suffered as a result of RaceTrac's unlawful and discriminatory acts;

(f)  Grant to Ms. Magwood liquidated damages for RaceTrac's willful violations of the FMLA;

(g)  Grant to Ms. Magwood a jury trial on all issues so triable;

(h)  Grant to Ms. Magwood her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a) (as amended) and the FMLA; and

(i)  Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 2nd day of April, 2020.

                LEGARE, ATTWOOD & WOLFE, LLC

                /s/ Amelia A. Ragan
                Steven E. Wolfe
                Georgia Bar No. 142441
                sewolfe@law-llc.com
                Amelia A. Ragan
                Georgia Bar No. 831387
                aaragan@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, GA  30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212